UNITED STATES of America,
Plaintiff,

v.

German A. GONZALEZ–MERCADO, Miguel Alamo–Castro, Ismael Ortega–Santana, Defendants.

No. CR. 02–0047CCC.

United States District Court, D. Puerto Rico.

Oct. 15, 2002.

H.S. García, U.S. Attorney, Lisa Snell–Rivera, Assistant U.S. Attorney, for Plaintiff.

Assistant Federal Public Defender Héctor Guzmán, Hato Rey, PR, Juan R. Acevedo–Cruz, Juan Alvarez–Cobián, for Defendant.

## ORDER

CEREZO, District Judge.

The Court has before it the Motion to Dismiss Count Three of the Indictment filed by defendant Germán A. González–Mercado on August 14, 2002 (docket entry 123) and the United States' response filed on August 16, 2002 (docket entry 124). Count Three charges defendant with the offense of carjacking resulting in bodily injury under 18 U.S.C. § 2119(2),[1] and the facts recited in support of the offense impute defendant with the taking of a motor vehicle from the person or presence of G.M.L., resulting in the serious bodily injury by sexual assault of G.K.L., a third party. Defendant claims that, as G.K.L. was not the owner, not in possession, nor physically present at the time the vehicle was taken, her sexual assault did not "result" from the carjacking and no offense could be charged under § 2119(2). The United States disagrees, relying on case law from the Court of Appeals which it claims support its reading of the statute as not requiring that the victim of the serious bodily injury be either the owner of the vehicle or the person from whom it is taken.

The relevant facts have been stipulated by the parties and, thus, not disputed. *See* Stipulation filed on September 17, 2002 (docket entry 131). On January 14, 2002, defendant González–Mercado and co-defendant Miguel Alamo–Castro carjacked a Chevrolet Cavalier from G.M.L. from the parking lot of a friend's home in the San Patricio area of San Juan. At the time of the carjacking, G.M.L. was in the car with another friend, H.B.F. González–Mercado drove the car to various ATM machines in the Bayamón and San Patricio areas, forcing G.M.L. with a weapon to withdraw money from them. González–Mercado also tied the hands of H.B.F., who was sitting in the back seat of the car, with his own shoelaces. When González–Mercado demanded more money, he discussed with G.M.L. the possibility of obtaining it from the apartment located where the car was initially carjacked. González–Mercado then drove back to said building, where H.B.F. was then forced into the trunk of the car. González–Mercado kept the keys to the car, and together with Alamo–Castro and G.M.L. went to the latter female friend's (G.K.L.) apartment to obtain additional money. G.M.L. had the keys to the apartment, and unlocked the door. They all went into G.K.L.'s bedroom to wake her up to get additional money for the defendants. G.K.L. indicated that she did not

---

1. Said section reads:

"Whoever, with the intent to cause death or serious bodily harm[,] takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall-

. . . .

(2) if serious bodily injury (as defined in section 1365 of this title, including any conduct that, if the conduct occurred in the special maritime and territorial jurisdiction of the United States, would violate section 2241 or 2242 of this title) results, be fined under this title or imprisoned not more than 25 years, or both...."

have an ATM card, nor any money in the apartment. Alamo–Castro then took G.M.L. into the living room, while González–Mercado remained in the bedroom with G.K.L., where he raped her. After González–Mercado left the room, the two defendants and G.M.L left the apartment taking with them G.K.L.'s cellular telephone and some bottles of wine. Once back in the parking lot, González–Mercado unlocked the trunk of the car, took H.B.F. out, untied him, and ordered him to his own car at gunpoint. H.B.F.'s car was then carjacked, and both him and G.M.L. forced into the car. As González–Mercado was unable to retrieve any money from ATM machines using H.B.F.'s card, he drove both victims to an area near Centro Médico where González–Mercado and Alamo–Castro returned the car to H.B.F. and the keys to the Cavalier back to G.M.L. H.B.F. and G.M.L. then drove away.

In *U.S. v. Vázquez–Rivera,* 135 F.3d 172, 178 (1st Cir.1998), the Court of Appeals squarely confronted the issue of whether an injury unrelated to the taking of the vehicle falls outside the ambit of the carjacking statute. The Court held:

> We begin by noting that there is no textual basis for asserting that the injury must be "necessary to" or "intended to effectuate" the taking of the vehicle itself. To the contrary, the choice of the word "results" in the statutory phrase "if serious bodily injury ... results" suggests that Congress intended to cover a fairly broad range of consequences flowing from a carjacking. Moreover, the legislative history characterized the provision as imposing the enhancement when the carjacking *"involves* bodily injury," *see* Anti Car Theft Act, Pub.L. No. 102–519, *reprinted in* 1992 U.S.C.A.A.N. 2847, at 2865 (emphasis added), which supports the view that the injuries covered are not limited to those resulting from the "taking" of a vehicle, but also include those caused by the carjacker at any point during his or her retention of the vehicle.

*See also U.S. v. Lowe,* 145 F.3d 45, 53 (1st Cir.1998).

The undisputed facts just narrated clearly show that, when the rape took place at G.K.L.'s apartment, González–Mercado was still in full control of the carjacked vehicle, as he retained the keys to the car, had a victim in its trunk, and the owner under his command. Thus, as the rape occurred "during his retention of the vehicle," the carjacking resulted in serious bodily injury, as charged by the United States in Count Three of the Indictment. Accordingly, the Motion to Dismiss Count Three of the Indictment filed by defendant Germán A. González–Mercado (docket entry 123) is DENIED.

Defendant González–Mercado is **GRANTED until OCTOBER 23, 2002 to reinstate his motion for change of plea. If he fails to so do, the jury trial will be held on NOVEMBER 4, 2002 at 10:00 A.M.**

SO ORDERED.